**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

DANUBIS GROUP, LLC,

        Plaintiff,

v.                                               Case No. 6:14-cv-32-Orl-37DAB

LANDMARK AMERICAN INSURANCE
COMPANY,

        Defendant.

**ORDER**

This cause is before the Court on the following:

1. Defendant, Landmark American Insurance Company's Motion to Dismiss Plaintiff's Complaint for Fabrication of Evidence, Fraud Upon the Court, Egregious Discovery Practices, and for Violation of the Court's Discovery Order (Doc. 83), filed November 16, 2014;

2. Plaintiff, Danubis Group, LLC's Response in Opposition to Defendant, Landmark American Insurance Company's Motion to Dismiss Plaintiff's Complaint for Fabrication of Evidence, Fraud Upon the Court, Egregious Discovery Practices, and for Violation of the Court's Discovery Order (Doc. 94), filed December 4, 2014;

3. Defendant, Landmark American Insurance Company's Supplemental Brief to its Motion to Dismiss, Proposed Findings of Fact and Conclusions of Law and Motion to Invoke the Court's Inherent Power to Enter Final Judgment Pursuant to Federal Rule of Civil Procedure 56(f) (Doc. 114), filed December 23, 2014; and

    4.    Report and Recommendation (Doc. 119), filed January 28, 2015.

## BACKGROUND

This insurance coverage action is before the Court concerning Defendant Landmark American Insurance Company's request to sanction Plaintiff Danubis Group, LLC (Doc. 83 ("Sanctions Motion")), and U.S. Magistrate Judge David A. Baker's Report and Recommendation, which recommends that the Court grant Defendant's request to dismiss the Complaint and *sua sponte* impose a monetary sanction on Plaintiff and his counsel (Doc. 119 ("Report")).[1] On February 13, 2015, the Court granted Plaintiff's request for an enlargement of time to file objections to the Report "(until March 2, 2015)" (*see* Doc. 125). (Doc. 126.) March 2, 2015 has passed, and Plaintiff has not filed objections to the Report. Accordingly, the Report is now ripe for the Court's review in accordance with 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b)(3).

## STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(B), a U.S. District Judge may designate a U.S. Magistrate Judge to consider a pretrial dispositive motion, conduct evidentiary hearings, and submit "proposed findings of fact and recommendations for the disposition" of the motion. A District Judge "may accept, reject, or modify, in whole or in part, the findings or recommendations." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Further, if any party files timely objections to the Magistrate Judge's proposed findings and recommendations, then the District Judge must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C) (requiring that objections be filed

---

[1] The Complaint sets forth a breach of contract claim (Count One) and a declaratory judgment claim (Count Two) concerning Plaintiff's demand for benefits under insurance Policy Number LBA04215500. (Doc. 4.)

within 14 days after a party is served with a copy of the "proposed findings and recommendations as provided by rules of court"); Fed. R. Civ. P. 72(b)(3).

### DISCUSSION

Even before Defendant filed its Sanctions Motion, poor lawyering and unprofessional conduct on *both sides* of this action required almost immediate and frequent Court intervention. (*See* Docs. 16, 18, 24, 27, 46, 52, 54, 59, 61, 63, 67, 70, 78.) The Sanctions Motion then raised issues of extremely serious litigation misconduct requiring the Court to enter an Order advising the parties *and counsel* "that all bases for the Court's authority are in consideration, including Rule 11 and other Federal Rules of Civil Procedure; Titles 18 and 26 United States Code; the Court's inherent contempt powers; and the Rules Governing Members of the Florida Bar and the Bar of this Court." (Doc. 88.) The Order further advised counsel to "consider the appropriateness of having separate representation" for themselves and independent representation for their clients. (*Id.*) After the Order was entered, no additional counsel appeared in this action, and the Court proceeded with several days of evidentiary hearings. (Docs. 102, 104, 106, 120, 121, 123.)

The hearing and the parties' submissions resulted in an extensive evidentiary record. (*See* Docs. 89–93, 95–102, 104, 106–12, 120, 121, 123.) The comprehensive Report reveals Judge Baker's thorough and careful consideration of the record evidence and the totality of these proceedings. (*See* Doc. 119.) The Report also correctly sets forth the controlling law and persuasively applies it to support Judge Baker's recommendations that the Court: (1) dismiss this action on the merits and as a litigation sanction; and (2) *sua sponte* require that Plaintiff and his counsel pay a monetary sanction to Defendant. (*Id.* at 22–33.) Absent timely objections from either party, and

after an independent review, the Court finds that the Report is due to be accepted in whole and adopted as the Order of this Court.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. The Report and Recommendation of U.S. Magistrate Judge David A. Baker (Doc. 119) is **ACCEPTED and ADOPTED** as the opinion of the Court.

2. Defendant, Landmark American Insurance Company's Motion to Dismiss (Doc. 83) and Motion to Invoke the Court's Inherent Power (Doc. 114) are **GRANTED** to the extent they request dismissal of the Complaint with prejudice.

3. Plaintiff's Complaint (Doc. 4) is **DISMISSED WITH PREJUDICE**.

4. Defendant, Landmark American Insurance Company's remaining Motions (Docs. 72, 76, 117) are **DENIED AS MOOT**.

5. After notice (Doc. 88), the Court exercises its authority to *sua sponte* require Plaintiff and his counsel to pay the *reasonable* attorneys' fees and costs incurred by Defendant in preparing and filing the Motion to Dismiss (Doc. 83) and in attending and presenting evidence at the evidentiary hearing before U.S. Magistrate Judge David A. Baker (Docs. 102, 104, 106).

6. On or before March 27, 2015, Defendant shall file its request (not to exceed fifteen pages) for the attorney's fees and costs awarded in Paragraph 5. Defendant shall include in its request any arguments concerning the amount of sanctions that should be paid by Plaintiff's

      counsel in particular. Defendant also shall file any necessary evidence to support its request (which shall not count toward the page limitation for Defendant's request).

7. Pursuant to 28 U.S.C. § 636(b)(3), U.S. Magistrate Judge David A. Baker is assigned to: (a) consider any request for attorney's fees and costs filed by Defendant in accordance with Paragraph 6; (b) order responsive briefing and conduct necessary evidentiary hearings (if any); and (c) file proposed findings of fact and recommendations concerning the amount of attorney's fees and costs the Court should require Plaintiff and his counsel to pay (respectively) as sanctions imposed by this Order.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 4, 2015.

*[signature]*
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

5