# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DANUBIS GROUP, LLC,**

      **Plaintiff,**

**-vs-**                                                               **Case No. 6:14-cv-32-Orl-37DAB**

**LANDMARK AMERICAN INS. CO.,**

      **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** **AMENDED MOTION TO SUBSTITUTE ATTORNEY (Doc. No. 143)**
>
> **FILED:** April 15, 2015
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**, with a caveat.

Although the motion notes that the parties have been unable to reach agreement as to the relief sought, no opposition paper has been filed to date. In view of the upcoming deadlines and the undeniable existence of a conflict between the interests of Mr. Ambler and Plaintiff, the Court finds further delay to allow for Defendant's response to be unnecessary, as there can be no basis to object to the substitution, considering the circumstances.[1]

Mr. Ambler's representation of Plaintiff in this action is hereby **terminated;** Mr. Benford and his firm shall proceed as sole counsel for Plaintiff. As noted in prior Order, Mr. Ambler shall remain in this action as an Interested Party, and is permitted to file separate pleadings, motions, responses,

---

[1] Indeed, withdrawal due to conflict is consistent with the ethical requirements governing counsel. Defense counsel's refusal to agree to this relief is both puzzling and disappointing.

and other papers with the court, in such capacity, as well as make appearances at any and all hearings in such capacity, in all the same respects as would otherwise be permitted by a party to this action under the Federal Rules of Civil Procedure and the Local Rules, United States District Court for the Middle District of Florida. **The Clerk is directed to terminate Mr. Ambler's appearance as Plaintiff's counsel and to add Mr. Ambler as an Interested Party.** Mr. Ambler is also permitted to retain his own counsel, should he wish to do so.

| | |
|---|---|
| **MOTION:** | **MOTION FOR EXTENSION OF TIME TO MAY 1, 2015 TO FILE RESPONSE TO MOTION (Doc. No. 144)** |
| **FILED:** | **April 16, 2015** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**, in part. Plaintiff's response is due on the **date certain of May 1, 2015.** Plaintiff has coupled his request for more time with an argument directed to the merits of the fee motion. The Court grants only the extension of time sought and implies no ruling as to Plaintiff's other arguments.

| | |
|---|---|
| **MOTION:** | **MOTION FOR EXTENSION OF TIME (Doc. No. 145)** |
| **FILED:** | **April 20, 2015** |

**THEREON** it is **ORDERED** that the motion is **GRANTED** in part.

Mr. Ambler, as Interested Party, seeks an extension of time of 14 days from the service of an Order granting the motion, in which to respond to Defendant's motion for fees and costs. As grounds, Mr. Ambler asserts that 1) coordination between himself and Attorney Bedford has "been problematic because Attorney Bedford's law practice is located in Orlando, Florida, and Attorney Ambler's law practice is located in Tampa, Florida, a circumstance which has precluded in-person coordination efforts;" 2) "because of the conflicts that have now arisen" between Plaintiff and Mr. Ambler, it is "now necessitated" that Plaintiff and Mr. Ambler consult with their own respective experts for purposes of submitting affidavits to oppose the Defendant's Motion (Doc. 134); and 3) because Mr.

Ambler "must now defend [himself] against the imposition of sanctions by the court—all of which cannot be accomplished with the current time remaining for responding to the Defendant's Motion for Fees/Costs(Doc. 134)." While the Court will grant a limited extension, it rejects Mr. Ambler's premise that the situation he finds himself in "now" is somehow new or unanticipated.

As set forth in copious detail in the prior Report (Doc. 119), the motion for attorney's fees and the impact of such relief on Plaintiff and Mr. Ambler did not arise from recent or isolated events and Plaintiff and its counsel have been treading a dangerous path for months. Indeed, in November 2014, the Court identified the peril facing Plaintiff and its counsel in no uncertain terms, noting:

> Due to the nature of the issues raised in the motion and considering the possible personal and professional consequences that may result from a finding that fraud was committed in this case, the potential that counsel may, themselves, be called upon to testify, and the possibility of conflicts arising between client and counsel, **counsel are advised to consider the appropriateness of having separate representation at the hearing and whether their clients may need independent representation**.

(Doc. 88-emphasis original).

Having ignored prior sanctions, warnings of conflicts and advice to secure independent representation, neither Ambler nor Plaintiff can now claim that they are somehow surprised by or unprepared for their present circumstances.

That said, the Court will allow a limited extension. The motion is granted, in part. Plaintiff and Mr. Ambler's responses are due **on the date certain of May 1, 2015.**[2]

**DONE** and **ORDERED** in Orlando, Florida on April 24, 2015.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[2]As noted in the 2009 Amendments Commentary to Rule 6, Federal Rules of Civil Procedure: "The time-computation provisions of subdivision (a) apply only when a time period must be computed. They do not apply when a fixed time to act is set." *See Violette v. P.A. Days, Inc.*, 427 F.3d 1015, 1018 (6th Cir. 2005) ("The language of Rule 6(a) does not address situations where litigants are required to file papers on a particular, stated, calendar date.").

Copies furnished to:

Counsel of Record
Interested Parties