**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

DANUBIS GROUP, LLC,

      Plaintiff,

v.                                                                                           Case No. 6:14-cv-32-Orl-37DAB

LANDMARK AMERICAN INSURANCE
COMPANY,

      Defendant.

**ORDER**

This cause is before the Court on

1. Defendant, Landmark American Insurance Company's Verified Motion for Attorneys [sic] Fees, Costs and Expenses in Compliance with this Court's March 15, 2015 Order [D.E. #128] (Doc. 134), filed April 3, 2015;

2. Plaintiff's Response in Opposition to Defendant's Motion for Attorney's Fees, Costs and Expenses (Doc. 148), filed May 1, 2015;

3. Kevin C. Ambler, Esquire and The Law Offices of Kevin C. Ambler, P.A., as Interested Parties' Response in Opposition to Defendant's Verified Motion for Attorney's Fees, Costs and Expenses (Doc. 151), filed May 2, 2015;

4. U.S. Magistrate Judge David A. Baker's Report and Recommendation (Doc. 168), filed July 21, 2015;

5. Plaintiff's Objections to the Magistrate Judge's July 21, 2015 Report & Recommendation (Doc. 168) on Defendant's Motion for Attorney's Fees,

   Costs and Expenses (Doc. 176), filed August 21, 2015;

6. Objections of Kevin Ambler, Esquire (Former Legal Counsel for Plaintiff and as an Interested Party) to Magistrate's Report and Recommendation of July 21, 2015 [Doc. 168] with Embedded Memorandum of Law (Doc. 177), filed August 21, 2015;

7. Defendant's Response to Plaintiff's Objections to the Magistrate Judge's July 21, 2015 Report and Recommendation (Doc. 180), filed September 4, 2015; and

8. Defendant's Response to Objections of Kevin Ambler to Magistrate's Report and Recommendation of July 21, 2015 (Doc. 181), filed September 4, 2015.

**BACKGROUND**

On March 5, 2015, the Court dismissed Plaintiff Danubis Group LLC's ("**Danubis**") Complaint (Doc. 4) with prejudice as a sanction for litigation misconduct, thereby terminating this protracted and contentious litigation.[1] (Doc. 128 ("**Dismissal Order**"); *see also* Doc. 119 ("**January 2015 R&R**").) In the Dismissal Order, the Court permitted Defendant Landmark American Insurance Company ("**Landmark**") to file a request for attorney's fees and costs. (Doc. 128, pp. 4–5.)

Accordingly, on April 3, 2015, Landmark moved for attorney's fees, costs, and expenses. (Doc. 134 ("**Award Motion**"). The Undersigned referred the Award Motion to U.S. Magistrate Judge David. A Baker for report and recommendation. (*See* Doc. 128,

---

[1] It is unnecessary for the Court to recite the litany of violations of Court Orders, the Local Rules, and professional obligations, as they are well documented by U.S. Magistrate Judge Baker and the undersigned in prior Orders. (*See* Docs. 119, 128.)

p. 5.)

On May 22, 2015, Magistrate Judge Baker conducted an evidentiary hearing on the Award Motion ("**Hearing**"). (Doc. 161, *see also* Doc. 157.) Upon consideration of the parties' briefing and arguments at the Hearing, Magistrate Judge Baker submitted a report: (1) detailing his factual findings, legal analysis, and conclusions; and (2) recommending that the Court grant the Award Motion in part and deny it in part. (Doc. 168 ("**Award R&R**").) Both Danubis and its counsel, Kevin Ambler ("**Ambler**"), lodged independent objections to the Award R&R (Docs. 176, 177), to which Landmark responded (Docs. 180, 181).

## STANDARDS

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

## DISCUSSION

As with his January 2015 R&R recommending dismissal of the action as a litigation sanction, Magistrate Judge Baker's comprehensive Award R&R once again contains thorough and careful consideration of the record evidence, the parties' arguments, and the controlling law. (*See generally* Doc. 168.) Ultimately, Magistrate Judge Baker recommends that the Court: (1) grant the Award Motion in part; and (2) enter judgment in

favor of Landmark and against Danubis and Ambler, jointly and severally, in the amount of $78,903.20 in attorney's fees and $12,778.22 in costs ("**Award**"). (*Id.* at 24.)

Danubis objects to Magistrate Judge Baker's recommendation that the Rule 11 and Rule 37 sanctions should be imposed on both Danubis and Ambler, arguing these sanctions should be imposed exclusively on Ambler. (Doc. 176, pp. 3–6.) Additionally, Danubis attacks the evidentiary basis and reasonableness of the Award. (*Id.* at 6–10.) Finally, Danubis contests Magistrate Judge Baker's recommendation that the Court impose fees pursuant to Florida Statute § 768.79 based on its failure to accept Landmark's settlement offer ("**Offer**") because the Offer lacked a good faith basis and reasonable foundation. (*Id.* at 10–11.)

For his part, Ambler seeks to supplement the record and relitigate many, if not most, of this Court's prior Orders. (*See* Doc. 177.) Additionally, Ambler asserts that Magistrate Judge Baker made findings and reached conclusions that are: (1) unsupported by the record; (2) controverted by portions of the record that Magistrate Judge Baker did not consider; or (3) subject to dispute or disproof by unspecified additional evidence not yet in the record. (*Id.* at 6–25.) Specifically, Ambler asserts that Magistrate Judge Baker's imposition of sanctions under Rule 11 was clearly erroneous due to insufficient notice and grounds.[2] (*See id.*)

The Undersigned reviewed the extensive record and proceedings in this case and conducted a de novo review of the portions of the Award R&R to which Danubis and Ambler objected. Upon consideration, and due to insufficient support within the

---

[2] The Court did not consider any arguments or grounds beyond page 25 of Doc. 177, as these pages were filed in violation of Local Rule 3.01(a) and stricken by Court Order. (*See* Doc. 178.)

objections, the Court rejects any contention that Magistrate Judge Baker committed clear error or acted contrary to law. Accordingly, Danubis and Ambler's objections are overruled in their entirety.

As a final matter, the Court takes this opportunity to observe the extraordinary waste of judicial time and resources resulting from Ambler and Lauren D. Levy's[3] (collectively, "**Counsel**"): (1) lack of professionalism; (2) failure to follow Court Orders and Local Rules despite repeated admonishments; and (3) failure to employ even the most basic civility in the conduct of these proceedings. Counsel's deficiencies raise serious questions about their fitness to serve as members of the Florida Bar. Consequently, the Court will deliver a copy of this Order, along with the Award R&R, the Dismissal Order, and the January 2015 R&R, to the Florida Bar for any proceedings it might deem appropriate. *See* THE ABA MODEL CODE OF JUDICIAL CONDUCT, Rule 2.15 (2007) (requiring a judge to inform "the appropriate authority" when a lawyer violates the Rules of Professional Conduct in a manner that raises a substantial question regarding the fitness of the lawyer).

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. U.S. Magistrate Judge David A. Baker's Report and Recommendation (Doc. 168) is **ADOPTED** as the opinion of the Court.

2. Plaintiff's Objections to the Magistrate Judge's July 21, 2015 Report & Recommendation (Doc. 168) on Defendant's Motion for Attorney's Fees, Costs and Expenses (Doc. 176) and Objections of Kevin Ambler, Esquire

---

[3] Ms. Levy is Landmark's counsel.

       (Former Legal Counsel for Plaintiff and as an Interested Party) to Magistrate's Report and Recommendation of July 21, 2015 [Doc. 168] with Embedded Memorandum of Law (Doc. 177) are **OVERRULED**.

3. Defendant, Landmark American Insurance Company's Verified Motion for Attorneys [sic] Fess, Costs and Expenses in Compliance with this Court's March 15, 2015 Order [D.E. #128] (Doc. 134) is **GRANTED IN PART AND DENIED IN PART** as set forth in U.S. Magistrate Judge David A. Baker's Report and Recommendation (Doc. 168).

4. The Clerk is **DIRECTED** to submit this Order, along with the Court's Order at Doc. 128 and Magistrate Judge Baker's Report and Recommendations at Docs. 119 and 168, to The Florida Bar for any action they deem appropriate..

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 17, 2016.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record